# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § § § |
| v. | §  Case No. 4:07-CR-246 (1) § Judge Mazzant |
| JOSE LUIS ORTIZ | § § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Reduce Sentence (Dkt. #896). Having considered the motion and the applicable law, the Court finds that the motion should be **DENIED.**

## BACKGROUND

On May 27, 2008, Defendant Jose Luis Ortiz ("Ortiz") pleaded guilty to Count One and Count Two of the Superseding Indictment (Dkt. #303). Count One was for Conspiracy to Possess with Intent to Distribute Cocaine and Count Two was for Conspiracy to Possess with Intent to Distribute Marijuana—both violations of 21 U.S.C. § 846. On September 15, 2008, Ortiz was initially sentenced to 360 months of imprisonment followed by a 5-year term of supervised release (Dkt. #473). However, the Court has since reduced Ortiz's sentence to 324 months (Dkt. #840). Ortiz is serving his sentence at FCI McDowell with a projected release date of September 13, 2031 (Dkt. #887 at p. 2). After he is released, Ortiz is subject to deportation proceedings because he is a citizen of Mexico (Dkt. #887 at p. 1).

Ortiz has filed several motions with the Court requesting a sentence reduction. Since the Court reduced Ortiz's initial term of imprisonment, Ortiz has filed six motions with the Court requesting that he be released (*See* Dkt. #867; Dkt. #876; Dkt. #883; Dkt. #884; Dkt. #890; Dkt. #891). The Court has denied each motion for various reasons (Dkt. #868; Dkt. #878; Dkt. #889;

Dkt. #892). On May 18, 2021, Ortiz filed the sixth request, specifically requesting that he be granted compassionate release because his situation constitutes "extraordinary and compelling" reasons based on the enhancements that were placed on his sentence and because his sentence is "excessive," among other reasons (Dkt. #891 at p. 4). On August 13, 2021, the Court filed its Memorandum Opinion and Order, denying Ortiz's sixth request because he did not raise any facts that would constitute "extraordinary and compelling" reasons based on the requirement of 18 U.S.C. § 3582(c)(1)(A) (Dkt. #892). The Court addresses Ortiz's argument in its previous Order that "he would not be serving this severe of a sentence if he were charged today" and ultimately found that "Ortiz is serving a fair sentence" (Dkt. #892 at pp. 10–11). Although there were other arguments raised and subsequently denied by the Court, the Court points out those arguments since Ortiz makes similar arguments in the pending motion.

On June 6, 2022, Ortiz filed the pending motion, requesting a sentence reduction based on the fact that his sentence is severe compared to: (1) his co-defendants, and (2) other defendants who are sentenced for the same crime today (Dkt. #896 at p. 4). The Government did not respond to the pending motion. The Court notes that Ortiz does identify new facts and cases than what was previously before the Court. However, because the subject-matter is essentially the same as Ortiz's sixth request—whether his sentence is severe and if that constitutes "extraordinary and compelling" reasons—the Court will construe Ortiz's motion as a motion for reconsideration. Accordingly, the Court will address Ortiz's arguments and state why each of them will not apply to this case.

## ANALYSIS

Ortiz challenges the Court's previous denial of his request for a sentence reduction. The Court will address Ortiz's two new arguments regarding extraordinary and compelling

circumstances. First, Ortiz argues that there is "unwarranted disparity" between his sentence and the sentences of his co-defendants and points out a case from a district court in Maryland that found that exact situation constituted "extraordinary and compelling" reasons for a sentence reduction (Dkt. #896 at p. 1). *See United States v. Edwards*, No. PJM 05-179, 2021 WL 1575276 (D. Md. Apr. 22, 2021). Second, Ortiz points out that there have been "drastic changes to the sentencing landscape since [his] sentencing" that should be considered by the Court (Dkt. #896 at p. 2). Both arguments stand for the point that Ortiz's initial sentence was excessive, and as a result, the Court should reduce his sentence. The Court is not persuaded by either argument.

In analyzing Ortiz's first argument, the Court will start by addressing the *Edwards* case and how Ortiz's situation differs. In *Edwards*, the defendant was serving a 292-month term after pleading guilty to Conspiracy to Possess with Intent to Distribute Controlled Substances. 2021 WL 1575276, at *1. The defendant filed a motion for sentence reduction under the First Step Act after his co-conspirator had recently been released to home confinement. *Id.* The district court judge found that the co-conspirator was the "leader of an extensive drug distribution conspiracy" and that the defendant was simply someone who worked for the co-conspirator's organization. *Id.* at *1–*2. It was noted that the co-conspirator was sentenced "based on far more severe conduct" than the defendant, and that the defendant was "less culpable." *Id.* The co-conspirator had his sentence reduced numerous times, ultimately concluding in his release to home confinement, resulting in a total of 183 months imprisonment. *Id.* at *1. When reviewing the co-conspirator's time served with the defendant's current sentence, there was such a disparity in the sentences that did not make sense given the relationship of the defendant and the co-conspirator. The district court judge relied on the Fourth Circuit case, *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), to stand for the principal that courts could "consider any extraordinary and compelling reason for

release that a defendant might raise." *Id.* at *2. Based on that rule, the district court judge ultimately found that this disparity in sentences constituted "extraordinary and compelling" circumstances under 18 U.S.C. § 3582(c)(1)(A). Although this case is mere persuasive authority, the Court finds that Ortiz's situation is drastically different than the defendant's situation in the *Edwards* case.

Here, the Government's evidence identifies Ortiz as the leader of the criminal enterprise (Dkt. #474 at p. 11). In *Edwards*, the only reason that the disparity in sentences was a relevant factor was because it was not rational that a lower-level criminal in the criminal enterprise would have a more severe punishment than the leader without any additional factors, such as the presence of a gun. 2021 WL 1575276, at *2. However, in Ortiz's situation, not only was he the leader of the criminal enterprise but he also possessed a firearm during the offense. Both of those facts contributed to Ortiz's sentencing and the conclusion to issue 360 months imprisonment (Dkt. #474 at p. 11). Based on those facts, the Court does not see an issue with Ortiz's sentence generally being higher than his co-defendants. In analyzing the *Edwards* case and the rule that it established, the Court fails to see how the mere disparity of sentences could be viewed as an "extraordinary and compelling" reason on its own. Rather, a court must view the disparity of the sentences holistically, and from there, the disparity must not logically make sense for it to constitute "extraordinary and compelling" circumstances. Even if the Court were to adopt that rule based on the *Edwards* case, the Court will not find that the disparity of sentences in this case constitutes a valid extraordinary and compelling reason to grant compassionate release.

The Court will also point out that one of Ortiz's points under this first argument is that the Court should look at his individualized circumstances to find that he should be granted a reduction in sentence (Dkt. #896 at p. 2). Oritz argues that in doing this, granting a reduction "would not

4

'entitle' anyone else to a sentence reduction" (Dkt. #896 at p. 2).  The Court disagrees.  In fact, assuming that the Court does grant Ortiz a significant reduction in his sentence or grant him time served as he requested, the Court would then only be allowing for more compassionate releases to be filed.  Granting Ortiz's request for a sentence reduction would allow the co-defendants that were indicted with Ortiz to make the same argument Ortiz makes today—the disparity in sentences present because the Court has previously granted a reduction to the leader of the criminal enterprises constitutes a valid "extraordinary and compelling reason" why they should be granted relief.

The Court will note that every defendant may be entitled to relief under the First Step Act, even the leader of a criminal enterprise.  However, the defendant must have a valid basis.  For example, in *Edwards*, the leader of the criminal enterprise was provided three reductions of his sentence.  2021 WL 1575276, at *1.  The first two were because of certain amendments that decreased the offense level of the defendant's crime.  The third basis for his reduction was for medical reasons.  However, in this case, the Court finds no valid basis for relief to Ortiz, therefore, the Court must deny Ortiz's first argument regarding reconsideration of the Court's prior Order.

Oritz's second argument is that there have been drastic changes to the sentencing landscape since he was sentenced.  However, Ortiz fails to point to any specific amendments or any changes, nor is the Court aware of any amendment or change, that would apply to Ortiz's case.  Generally, this rule is applied in cases where the defendant was convicted under certain statutes such as 18 U.S.C. § 924(c), where the sentences have drastically changed over time.  *See McCoy*, 981 F.3d at 285 ("Sentenced before the First Step Act, each received a 45-year mandatory minimum sentence under § 924(c) . . . .  Today, with sentence-stacking eliminated, each would have been sentenced under § 924(c) not to 45 years, but to 15.")  However, while Ortiz was initially charged with a

§ 924(c) count in the Superseding Indictment, he only pleaded guilty to the counts involving conspiracy. Additionally, as the Court already noted, the sentence was based on a combination of Ortiz's role as a leader in the drug conspiracy as well as his consistent use of guns. In fact, if the Court were to utilize the current version of the sentencing guidelines, a final offense level of 39 with a criminal history of category III still results in a range of 324 to 405 months imprisonment (Dkt. #835). UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL, Guideline Range Calculator, https://guidelines.ussc.gov/grc (last visited April 10, 2023). This means that Ortiz's sentence would still be the minimum time in the relevant guideline range if he was sentenced today. The Court will stay with its conclusion that Ortiz's sentence was reasonable.

While the first reduction of Ortiz's sentence was warranted, the Court fails to see a valid basis to reduce the sentence any further. The Court will deny Ortiz's request that the Court find his situation constitutes "extraordinary and compelling" reasons for a sentence reduction. Accordingly, the Court need not conduct an analysis on the § 3553(a) factors as a result.[1]

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). The Court will deny Ortiz's request for a reconsideration of its prior Order because the Court stands by its initial conclusion that none of the narrow exceptions apply at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Reduce Sentence (Dkt. #896) is

---

[1] In the pending motion, Ortiz again argues that the Court should consider his "overall institutional adjustment" (Dkt. #896 at p. 3). The Court will reiterate the point that it made in its previous Order regarding Ortiz's rehabilitation, and while his "rehabilitative efforts are notable," his discipline record must also be considered (Dkt. #892 at pp. 10–11). The Court finds that this factor does not weigh in Ortiz's favor in analyzing extraordinary and compelling reasons to reduce his sentence.

hereby **DENIED.**

**SIGNED this 12th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE